UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PBR SALES, LLC,

                       Plaintiff,

    – against –

E.T. OIL, INC., *et al.*,

                       Defendants.
------------------------------------------------------------------------x

**ORDER**

17-CV-5076 (CS)

Seibel, J.

On November 4, 2019, the Court held a conference but neither Plaintiff nor any Defendant appeared. (*See* Doc. 56 at 1.) On November 6, I ordered Plaintiff's counsel to show cause why this case should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (*Id.* at 2.) On November 20, I received an affirmation in reply to the Court's order to show cause from Stephen A. Florek, III, who explained that Plaintiff had retained Lettera & Mosiello LLP as its attorneys of record in this case and that Florek, while not employed by Lettera & Mosiello, had been hired by the firm to serve as "of counsel" to Plaintiff. (Doc. 60 ¶ 4.) Florek's affirmation explained that about a month prior to the Court's November 4 conference, Florek informed Lettera & Mosiello that he could no longer work on this case because of a conflict of interest and that he believed he made clear to Lettera & Mosiello that he would no longer be representing Plaintiff. (*Id.* ¶¶ 6-7.) Florek attributed Plaintiff's failure to appear at the November 4 conference to a miscommunication and stated that Plaintiff "in no way wishes to abandon the instant matter." (*Id.* ¶¶ 9-10.)

1

On the same day Florek filed his reply affirmation, he also filed a notice of termination of representation stating that Plaintiff and Lettera & Mosiello agreed that the law offices of Lettera & Mosiello were terminated from this case. (Doc. 61.) The notice of termination read in part

> PLEASE TAKE FURTHER NOTICE that it is hereby acknowledged by Plaintiff, PBR SALES, LLC that there are upcoming dates and deadlines in the instant action, which it has been made aware, and which it understands new counsel will need to be timely retained to represent them in connection therewith, as they cannot appear Pro Se in the instant action.

(Doc. 61 at 1.) The letter is signed by John C. Lettera of Lettera & Mosiello, and Pratap Sapra, Plaintiff's authorized representative. (*Id.* at 2.)

In response to Florek's affirmation, the Court filed a memo endorsement on November 21, 2019, which said, "Plaintiff's current counsel are hereby relieved. Plaintiff needs to retain new counsel ASAP. There will be a status conference on 12/19/19 at 4 pm. Plaintiff's failure to appear through counsel may result in dismissal for failure to prosecute." (Doc. 63.) The Court held the status conference on December 12, 2019, but only Defendant John Ferguson appeared. Plaintiff did not appear with counsel or otherwise. I am going to give Plaintiff one last chance to prosecute this case, only because I did not make clear that Plaintiff's outgoing counsel was to inform Plaintiff of my November 21 order (although I expect that they did).

Plaintiff is hereby ORDERED to appear through counsel no later than January 3, 2020, or the case will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, without further notice.

The Clerk of Court is respectfully directed to serve this Order to by overnight mail on the following two people, who are directed to immediately forward it to Plaintiff:

Stephen Andrew Florek , III
Florek & Counsel LLC
2900 Westchester Avenue, Suite 405
Purchase, New York 10577

John C. Lettera
Lettera & Mosiello LLP
2 Westchester Park Drive, Suite 205
White Plains, New York 10604

My chambers will also serve this Order on Mr. Florek by email today.

**SO ORDERED.**

Dated: December 20, 2019
      White Plains, New York

                                        CATHY SEIBEL, U.S.D.J.